IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TIMOTHY DAVIS,     PETITIONER
ADC # 133384

v.     5:12CV00421-DPM-JJV

RAY HOBBS, Director,
Arkansas Department of Correction     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit

new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I. BACKGROUND

Petitioner, Timothy Davis, received life imprisonment and a concurrent fifteen-year sentence for conviction of capitol murder and felony kidnapping

on April 20, 2005. (Doc. No. 2 at 1.) He appealed and the Arkansas Supreme Court affirmed his conviction on March 16, 2006. (*Id*.) Mr. Davis then filed a Rule 37 petition for post-conviction relief. (Doc. No. 9-3.) On August 21, 2006, the state court held a hearing on the Rule 37 petition. The resulting order states, "The defendant appeared and indicated that he wished to withdraw his motion for Relief [*sic*] filed pursuant to Rule 37." (Doc. No. 9-4.) Four years later, Mr. Davis filed a state habeas corpus petition pursuant to Arkansas Code Annotated § 16-112-101 *et seq*. (Doc. No. 9-5.) The petition was dismissed, and his appeal to the Arkansas Supreme Court was denied. (Doc. No. 2 at 3.)

Mr. Davis filed the instant Petition for Writ of Habeas Corpus (Doc. No. 2) on November 11, 2012, alleging ineffective assistance of counsel, that his conviction was not supported by sufficient evidence, and that he is actually innocent of the crimes committed. (*Id.* at 4, 5.)

II.   ANALYSIS

   A.   **Procedural Default**

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) (1996) (stating a state

prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). This exhaustion requirement is in place to afford the state courts the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971)

As noted, Mr. Davis timely filed his Rule 37 petition in the Pulaski County Circuit Court and then withdrew his petition at the evidentiary hearing. Mr. Davis argues he should be excused for his procedural default and claims he was forced to withdraw his petition because his attorney "abandoned" him at the hearing and he was unable to present a defense on his own. (Doc. No. 3 at 16.) The Court finds this argument to be without merit. Mr. Davis filed his Rule 37 petition as a *pro se* petitioner. (Doc. No. 9-3.) And while Mr. Davis claims his family paid his trial attorney to help him with his appeals, Mr. Davis does not offer any evidence of the lawyer's retention or duty to attend the hearing on his Rule 37 petition. (Doc. No. 3 at 16.) To the contrary, his Rule 37 petition evidences he had no lawyer as he sought court appointed counsel. (Doc. No. 9-3 at 4.) Likewise, Mr. Davis's contention that he could not defend himself because of an "extremely low IQ level" is not supported by the record. (Doc. No. 3 at 16.) In addition,

Petitioner has filed a very well drafted Petition for Writ of Habeas Corpus and it is not believable that he was wholly unable to negotiate the Rule 37 hearing without counsel. And the court's dismissal order makes no mention of any issue at the hearing that would give this Court concern about Mr. Davis's willingness to withdraw his petition. His assertion that he was forced to withdraw his petition is not supported by evidence; therefore, he cannot rely on this claim to excuse his procedural default. Regardless, "there is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752-55 (1991).

Mr. Davis also relies on *Martinez v. Ryan,* 132 S. Ct. 1309 (2012), to show that his procedural default does not foreclose the possibility of federal habeas review. However, the United States Court of Appeals for the Eighth Circuit has ruled that, in Arkansas, *Martinez* provides no authority for excusing procedural default. *Dansby v. Norris*, 682 F.3d 711 (8th Cir. 2012).

Nevertheless, a federal habeas petitioner who has procedurally defaulted may be able to proceed if he can prove actual innocence. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To prove actual innocence, a petitioner must present 1) "new and *reliable* evidence that was not presented to the state courts," and 2) that in light of the new evidence "it is more likely than not that

5

no reasonable juror would have convicted him." *Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997) (emphasis added). The "actual innocence gateway is very limited." *Id*. "Few petitions are within the narrow class of cases . . . implicating a fundamental miscarriage of justice." *Id*. (citations omitted). This exception only applies to claims of actual innocence and not legal innocence. *Anderson v. United States*, 25 F.3d 704, 707 (8th Cir. 1994).

Here, Mr. Davis does argue actual innocence but has not offered any newly-discovered, reliable evidence. He only makes legal argument in challenging the legal conclusions of the state courts. (Doc. 3 at 13-15.) So Mr. Davis's above claims are procedurally defaulted and should be dismissed with prejudice.

    **B.**    **Statute of Limitations**

Mr. Davis's instant Petition is time barred. Title 28 U.S.C. §§ 2241 (d)(1) and (d)(2) impose a one-year statue of limitations period for filing petitions for writ of habeas corpus:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

6

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(d)(2) (1996). Mr. Davis filed his habeas Petition on November 11, 2012, five years after the limitations period had run on his claims.

Mr. Davis relies on *Holland* v. *Florida*, 560 U.S. __, 130 S.Ct. 2549 (2010), to show that his attorney's ineffectiveness during the Rule 37 hearing tolled the statute of limitations for federal habeas review. This case does not apply. In *Holland*, the Supreme Court held that a state-appointed attorney's failure to submit the habeas petition in a timely manner, despite the petitioner's constant admonition to do so, rose to a level of an "extraordinary circumstance" that permitted tolling of the one-year statute of limitations.

(*Id.*)  In the present case, Mr. Davis alleges that his retained attorney's "abandonment" during his Rule 37 hearing rises to the level of an "extraordinary circumstance" that allows tolling of the limitation period. However, the Court finds Mr. Davis has not presented any extraordinary circumstances requiring tolling of the one-year limitation period.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted."  *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).  In this case, Mr. Davis's Petition is

clearly procedurally defaulted and time barred. Therefore, no certificate of appealability should be issued.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No. 2) should be DISMISSED WITH PREJUDICE as procedurally defaulted and time barred.

2. A certificate of appealability should not be issued.

DATED this 1st day of March, 2013.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE