# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**TIMOTHY DAVIS**  
**ADC # 133384**                                                            **PLAINTIFF**

v.                              No. 5:12-cv-421-DPM-JJV

**RAY HOBBS, Director,**  
**Arkansas Department of Correction**                        **DEFENDANT**

### ORDER

The Court has considered Magistrate Judge Joe J. Volpe's proposed findings and recommendations, № 10, and Davis's objections, № 13. On *de novo* review, the Court adopts Judge Volpe's proposal as supplemented. FED. R. CIV. P. 72(b)(3). The recent affidavit from Alundra Smith, № 13 at 20-22, which Davis offers with his objections as new and reliable evidence of his actual innocence, deserves a word. Smith is Davis's long-time family friend; she was in the car during and after the shooting; and she testified at trial. 365 Ark. 634, 636-37, 232 S.W.3d 476, 480-81 (2006). Parts of the affidavit echo her trial testimony. The new information is that she says she was threatened by interrogating officers with murder charges to implicate Davis and that Davis never put his gun to her head while driving from the murder scene. This last is the opposite of her trial testimony.

The new affidavit does not suffice to avoid the procedural bar on innocence grounds. First, it goes to legal innocence, not actual innocence. *Narcisse, v. Dahm*, 9 F.3d 38, 39-40 (8th Cir. 1993). Second, the issue is whether a reasonable jury confronted with all the evidence old and new would have acquitted Davis. *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Whether Davis put the gun to Smith's head, or just banged it on her seat back, during the getaway, the evidence that Davis shot the victim was overwhelming. And the waffling testimony from Smith could have cut either way, depending on which version the jury believed, and thus is not outcome determinative.

Davis's petition for writ of habeas corpus, № 2, is dismissed with prejudice. A certificate of appealability will not issue because Davis's petition is time-barred and procedurally defaulted. *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002).

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

17 April 2013